## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LAUREN ERDMAN, individually, as next of kin and administrator for the ESTATE OF ARLO INMAN, deceased minor, | |
| Plaintiff, | CIVIL ACTION NO.: |
| | _____ |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## COMPLAINT

**COMES NOW** Plaintiff Lauren Erdman, individually, as next of kin of Arlo Inman, deceased and as administrator of the Estate of Arlo Inman herein after referred to as "Plaintiff" and brings these personal injury claims for wrongful death, funeral expenses and pain and suffering against the United States of American and shows the Court as follows:

## **PARTIES**

### 1.

Plaintiff is a resident of Walton County, Georgia and was the mother of Arlo Inman, minor child, at all times relevant hereto.  Plaintiff is authorized to bring both

wrongful death and Estate claims for personal injury on behalf of her son, Arlo Inman.

2.

On March 21, 2020, Jennifer Thompson was employed by the United States Postal Service ("USPS") and was operating a postal delivery truck on Sunny Hill Drive in Loganville, Georgia while in the course and scope of her employment with the USPS.

3.

This is an action arising out of a crash that occurred on March 21, 2020, involving Arlo Inman, a two-year old minor child, and a postal truck operated by Ms. Thompson and the USPS.

4.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2401, and 2671, *et seq* (hereinafter "the FTCA"). Venue is proper in this Court as the wreck took place in Loganville, Georgia.

5.

The USPS is an independent establishment of the executive branch of the Defendant United States of America. 39 U.S.C. § 201. The USPS is within the FTCA.

6.

This Court has jurisdiction of this action against the United States of America pursuant to 28 U.S.C. §§ 1346 and 1402. The proper Defendant is the United States of America. Defendant is subject to the jurisdiction and venue of this Court under the Federal Tort Claims Act

7.

Service is governed by Federal Rule 4(i)(1). Defendant United States of America (hereinafter USPS) was properly served with process of the summons and complaint by registered certified mail being delivered to the Civil Process Clerk, Office of the United States Attorney, 1800 Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Plaintiff also provided service via Rule 4(i) in the same manner to the United States Attorney General's Office at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

8.

On November 3, 2020 Plaintiff sent by certified mail an Administrative Claim to the USPS, Lillian Marshall Tort Coordinator, United States Postal Service North Metro, Georgia 30026 in accordance with the FTCA for $32,151,213.99.  A copy of Plaintiff's claim is attached hereto as Exhibit "A."

9.

Plaintiff's administrative claims were properly and timely presented to the USPS.

10.

Plaintiff allowed six (6) months to pass from the time she presented her claims before filing suit in accordance with the Federal Tort Claims Act.

**FACTS GIVING RISE TO THE ACTION**

11.

It was a Saturday morning on March 21, 2020.  The weather was clear and sunny.

12.

At approximately 11:00 a.m. on that day, Ms. Thompson was delivering mail to mailboxes along Sunny Hill Drive in a residential neighborhood in Loganville, Georgia.

13.

Ms. Thompson was driving a 1987 Grumman Allied LLV-A mail delivery truck owned and operated by the USPS.

14.

Immediately upon entry into the residential neighborhood on Sunny Hill Drive a traffic sign states the speed is 15 mph and warns drivers to "Watch for Children."

15.

The mail delivery truck had mirrors extending from all corners of the truck so the driver could see all areas in front of and behind the vehicle.

16.

Ms. Thompson was trained to check her mirrors for traffic and pedestrians both in front of and behind her mail truck before moving. Ms. Thompson is required to make frequent stops and restarts in areas where children live and play.

17.

Ms. Thompson was aware that several small children lived in the houses along Sunny Hill Drive. Ms. Thompson was trained to be vigilant with her use of mirrors for safety while delivering mail.

18.

Ms. Thompson was also trained to use her mirrors for safety while delivering mail because of the need for frequent stops and restarts of her vehicle in areas with pedestrian, bicycle, and automobile traffic such as a neighborhood.

19.

Ms. Thompson completed delivery of mail on one side of Sunny Hill Drive and was attempting to complete the delivery of mail on the opposite side of Sunny Hill Drive when she stopped her delivery truck and engaged in a conversation with a pedestrian, Chris Inman.

20.

Mr. Inman lived at 3755 Sunny Hill Drive, Loganville, Georgia. Ms. Thompson had delivered mail to Mr. Inman's side of the street minutes before she stopped to talk to Mr. Inman.

21.

Ms. Thompson remained inside the mail truck with the mail truck running. The mail truck was at a complete stop during her conversation with Mr. Inman.  Mr. Inman stood on the passenger side of the mail truck while he engaged in conversation with Ms. Thompson.

22.

Mr. Inman's house was directly across the street from the mail truck when Ms. Thompson stopped the postal truck to talk.  The conversation between the two adults concerned a missing piece of mail.

23.

Ms. Thompson continued talking to Mr. Inman as he walked behind the mail truck to return to his house across the street.  Ms. Thompson simultaneously put her foot on the gas to accelerate forward as Mr. Inman was crossing the street behind the mail truck.

24.

As Ms. Thompson pulled forward from a stop, Arlo Inman was walking directly in front of the front bumper of the mail truck.  Arlo Inman was two years old.

25.

Ms. Thompson did not use the safety mirrors before she accelerated forward, nor did she look ahead after talking to Mr. Inman who was behind the mail truck when she accelerated forward.

26.

The front bumper struck Arlo Inman and knocked him to the ground.  Ms. Thompson did not stop, but continued moving forward causing the right front tire to crush Arlo Inman's skull.

27.

Arlo Inman was pronounced dead at the scene.

28.

Arlo Inman called out to Ms. Thompson while she was stopped and talking to Chris Inman. Arlo Inman walked from the driveway across Sunny Hill Drive and directly in front of Ms. Thompson's line of sight while Ms. Thompson was stopped in the road.

29.

Arlo Inman would have been visible if Ms. Thompson looked ahead before she accelerated the mail truck.

30.

Arlo Inman would have been visible if Ms. Thompson checked her mirrors before she accelerated the mail truck.

31.

Arlo Inman would have been visible if Ms. Thompson would have checked her mirrors after hitting Arlo Inman with the front bumper.

32.

Ms. Thompson did nothing to determine if it was safe to move forward before she accelerated.  Ms. Thompson did not check her mirrors, nor did she look ahead before accelerating. Ms. Thompson did not follow written USPS protocol for re-starts and mail delivery.

33.

Had Ms. Thompson checked her mirrors before moving forward after coming to a stop, Ms. Thompson could have avoided hitting and traveling over Arlo Inman.

34.

The initial impact involving the front bumper did not kill Arlo Inman.  The second impact with the front tire brought about the death of Arlo Inman.

35.

The funeral and burial expenses for Arlo Inman were $1,213.99.

36.

Arlo Inman is entitled to estate claim recovery for pain and suffering as a result of this collision before he passed away.  Lauren Erdman is authorized to bring these claims for recovery of funeral and burial expenses and pain and suffering on Arlo Inman's behalf.

37.

Lauren Erdman, as mother and next of kin, is entitled to recover for wrongful death as a result of the negligent operation of the postal truck by a postal employee.

38.

All of the above-referenced damages were proximately caused by the negligence of Ms. Thompson and the USPS. The USPS is liable for the action and inactions of Ms. Thompson under the doctrine of *respondeat superior*.

39.

At all times relevant hereto, Ms. Thompson was an employee of the USPS and was acting in accordance with her employment with the USPS.

## COUNT ONE – NEGLIGENCE

40.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

41.

At all times material hereto, Ms. Thompson and the USPS owed a duty to Arlo Inman to operate the mail truck in an ordinary, careful and non-negligent manner and to follow the laws of the State of Georgia and the rules of the road.

42.

While in the scope of her employment with the USPS, Ms. Thompson breached those duties and was negligent in at least the following ways:

    a.    Failure to keep a proper and diligent lookout;

b.      Failure to keep proper control of the vehicle;

c.      Failure to reasonable steps to avoid striking a child in front of the mail truck;

d.      Failure to follow USPS standards for mirror safety and driver safety before accelerating the mail truck; and

e.      Otherwise failing to use ordinary care and employ prudent conduct while driving.

43.

As a direct result of the negligence of Ms. Thompson and the USPS, Arlo Inman suffered unnecessarily and lost his life.

44.

By virtue of the negligence of Ms. Thompson and the USPS, Defendant United States of America is liable to Lauren Erdman and the Estate of Arlo Inman for all damages resulting from that negligence including funeral and burial expenses, the full value of Arlo Inman's life and the pain and suffering under Georgia's law for agency and *respondeat superior*.

## COUNT TWO – NEGLIGENCE *PER SE*

45.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs 1 through 42 above as if fully set forth below.

46.

Defendant USPS is liable for Ms. Thompson's violation of several statutory rules of the road, including O.C.G.A. §§ 40-6-122, 40-6-92, and 40-6-93.

47.

Arlo Inman was within the class of persons these laws were intended to protect.

48.

Arlo Inman's injuries and death were the harms and losses these statutes were intended to guard against.

49.

Arlo Inman was injured and killed as a direct and proximate result of Ms. Thompson's and the USPS' violation of O.C.G.A. §§ 40-6-122, 40-6-92, and 40-6-93.  The violation of these statutes constitutes negligence *per se*. Defendant United States of America is liable for the actions of Ms. Thompson.

50.

Plaintiff is entitled to recover against Defendant for the estate claims of funeral and burial expenses and pain and suffering of Arlo Inman and for the wrongful death of Arlo Inman by virtue of the negligence per se of Ms. Thompson and the USPS under theories of agency and *respondeat superior*.

51.

Plaintiff is entitled to recover pain and suffering as defined by the enlightened conscience of a fact finder in this civil action pursuant to the estate claims of Arlo Inman.  The manner in which Arlo Inman was struck and then subsequently run over with the mail truck undeniably resulted in a definitive period of pain and suffering.

52.

Plaintiff is entitled to recover the full value of Arlo Inman's life as detailed in O.C.G.A. §§ 51-4-1, 51-4-4, and 19-7-1.

53.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant for all damages recoverable by law in the amount of $32,151,213.99 to include, but not be limited to:

a. Pain and suffering;

b. Funeral and burial expenses; and

-13-

c. Full value for the life of Arlo Inman pursuant to wrongful death.

Respectfully submitted this 13th day of May, 2021.

**HOWELL & JOHNSON, LLC**

By: _____

MICHAEL W. JOHNSON
Georgia Bar No.: 395058
EVAN H. HOWELL
Georgia Bar No.: 372190
*Attorneys for Plaintiffs*

298 E. WASHINGTON STREET, SUITE B
ATHENS, GEORGIA 30601
P: 706.548.0028
F: 678.731.1593
E: mjohnson@hojolaw.com

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Lillian Marshall<br>Tort Coordinator<br>United States Postal Service<br>North Metro, Georgia 30026 | Arlo Inman, deceased minor<br>Lauren Skyler Erdman, mother and next of kin<br>3755 Sunny Hill Drive<br>Loganville, Georgia 30052 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| MILITARY [X] CIVILIAN | 06/21/2017 | -------------- | 03/21/2020 | 11:17 A.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

US Postal employee Jennifer Thompson struck and killed Arlo Inman while she was driving a mail truck through a residential area on 3/21/2020. Arlo Inman was two (2) years old. Ms. Thompson came to a stop in front of Arlo Inman's house and engaged in conversation with Chris Inman, Arlo's father. The two talked while Mr. Inman stood on the passenger side of Ms. Thompson's Postal vehicle. The Inmans' driveway was located on the driver side of Ms. Thompson's vehicle. Mr. Inman left and walked behind the postal truck while Ms. Thompson continued talking. At the same time, Arlo Inman walked across the street directly in front of the postal truck. Instead of checking her mirrors or looking forward before taking her foot of the brake, Ms. Thompson negligently pulled forward to drive off. The front of the postal truck knocked Arlo to the ground. Ms. Thompson did not stop, but continued driving causing the front right tire to crush Arlo's skull.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Lauren Erdman on behalf of her deceased son, Arlo Inman, brings a claim for wrongful death seeking the full value of Arlo Inman's life. As administrator, Lauren Erdman brings estate claims for pain and suffering, funeral and medical expenses for the Estate of Arlo Inman. The nature and extent of injury was blunt force trauma to the head, shoulder and body as well as crush impact to the skull. The crush injury to the skull was an obvious fatal injury. See the attached photographs from the various investigating agencies, videos from home cameras in the area, witness and accident reports, death certificate and autopsy report, funeral expenses, and US Postal investigation.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| See Exhibit "A" | See Exhibit "A" | |

12. (See instructions on reverse).                                    AMOUNT OF CLAIM  (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | Pain & Suffering  $10,000,000.00<br>Funeral Expenses $        1,213.99 | Lost Earnings  $  2,150,000.00<br>Value of Life  $20,000,000.00 | $32,151,213.99 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 770.789.4531 | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government.  (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Exhibit "A"

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

Not applicable.

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes  ☒ No | 17. If deductible, state amount.

Not applicable.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

Not applicable.

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

Exhibit "A"

11.                                          **Witnesses**

| Name | Addresses (Number, Street, City, State, and Zip Code) |
|---|---|
| 1.   Jennifer Thompson | 509 Youth Jersey Road, Covington, Georgia 30014 |
| 2.   Chris Inman | 3755 Sunny Hill Drive, Loganville, Georgia 30052 |
| 3.   Lauren Erdman | 3755 Sunny Hill Drive, Loganville, Georgia 30052 |
| 4.   Cpl. Moremen, State Patrol | 327 State Highway 11, Monroe, Georgia 30655 |
| 5.   Walton County Deputy Coroner Philip Allen | 1425 South Madison Avenue, Monroe, Georgia 30655 |
| 6.   Heath Johnson | 509 Youth Jersey Road, Covington, Georgia 30014 |
| 7.   Serious Accident Review Board Members | Identity concealed by US Postal Service |
|        a.   Chairperson | Identity concealed by US Postal Service |
|        b.   Manager | Identity concealed by US Postal Service |
|        c.   Operation Manager | Identity concealed by US Postal Service |
|        d.   Postmaster | Loganville, Georgia |
| 8.   Officer T. Philhower | Walton County Sheriff's Office<br>1425 South Madison Avenue<br>Monroe, Georgia 30655 |
| 9.   Lt. Charlie Dalton | Walton County Sheriff's Office<br>1425 South Madison Avenue<br>Monroe, Georgia 30655 |
| 10. Sgt. Thomas Duckett | Walton County Sheriff's Office<br>1425 South Madison Avenue<br>Monroe, Georgia 30655 |
| 11. Cpl. Charles Cline | Walton County Sheriff's Office<br>1425 South Madison Avenue<br>Monroe, Georgia 30655 |
| 12. Shanina Spearman | US Postal Employee |
| 13. Trina Anderson | US Postal Employee |
| 14. Myles Jones | US Postal Employee |
| 15. Dr. Jeffrey W. Muttart<br>     Accident Reconstruction and Human Facts expert | Crash Safety Research Center<br>210 West High Street<br>Unit B-8<br>East Hampton, Connecticut 06424 |
| 16. Shelly Weed<br>     Senior Reconstructionist | Weed Reconstruction & Expert Consulting<br>PO Box 1535<br>Smyrna, Georgia 30081 |
| 17. Elizabeth Haemmerle<br>     (Damages witness, family friend) | 12626 Rams Court<br>Fishers, Indiana 46037 |
| 18. Lemesa Jacques<br>     (Damages witness, Aunt) | 2009 Benjamin Street<br>Nashville, Tennessee 37206 |

## **CERTIFICATION**

Pursuant to LR 7.1(D) NDGa., I certify that this document has been prepared

in Times New Roman Font 14 point, as approved by the Court in LR 5.1B, NDGa.

**HOWELL & JOHNSON, LLC**

By: _____

MICHAEL W. JOHNSON
State Bar No.: 395058
*Attorneys for Plaintiff*

298 E. WASHINGTON STREET, SUITE B
ATHENS, GEORGIA 30601
P: 706.548.0028
F: 678.731.1593
E: mjohnson@hojolaw.com