## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA ATHENS DIVISION

| | | |
|---|---|---|
| LAUREN ERDMAN, individually, as next of kin and administrator for the ESTATE OF ARLO INMAN, deceased minor, | : : : : | |
| | : | No. 3:21-CV-75 (CAR) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON MOTION TO JOIN MARK CHRISTOPHER INMAN AS PARTY-PLAINTIFF

Before the Court is the United States of America's Motion to Join Mark Christopher Inman as a Party-Plaintiff in this wrongful death case brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. For the reasons explained below, the United States' Motion [Doc. 21] is **GRANTED**.

## BACKGROUND

Plaintiff Lauren Erdman, individually as next of kin and administrator for the Estate of Arlo Inman, brings this lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*., for the alleged personal injuries and wrongful death of her two-year-old son, Arlo Inman, after he was struck and killed by a United States Postal Service ("USPS")

mail delivery truck.  Mark Christopher Inman ("Chris") is Arlo's father.[1] Plaintiff and Chris live together with their family on Sunny Hill Drive in Loganville, Georgia. It does not appear that they are, nor ever have been, married.

Plaintiff alleges on March 21, 2020, USPS employee Jennifer Thompson was operating a postal delivery truck on Sunny Hill Drive in Loganville, Georgia while in the course and scope of her employment. While delivering mail, she stopped her delivery truck and engaged in a conversation with Chris.[2] Ms. Thompson remained in her truck at a complete stop while Chris stood on the right side of the truck, and they conversed about a missing piece of mail.[3]

The Inman's driveway was located on the driver side of Ms. Thompson's vehicle.[4] At some point, two-year-old Arlo Inman "called out" to Ms. Thompson and walked from his driveway across Sunny Hill Drive while Ms. Thompson and his father were talking.[5] As Chris walked behind the mail truck to return to their house, Ms. Thompson put her foot on the gas to accelerate forward.[6] As she pulled forward, Arlo was walking directly

---

[1] Ex. A to Compl. (identifying "Chris Inman" as Arlo's father).
[2] Pl. Compl. ¶ 19; Ex. A, Claim for Damage, Injury or Death [Doc. 1].
[3] *Id.* at ¶¶ 21, 22.
[4] Pl. Compl. Ex. A.
[5] *Id.* at ¶ 28.
[6] *Id.* at ¶ 23.

in front of the front bumper of the mail truck.[7] Arlo was struck by the mail delivery truck and died immediately.[8]

Plaintiff Lauren Erdman, individually as next of kin and administrator for the Estate of Arlo Inman, filed this action against the United States alleging Ms. Thompson negligently operated the mail delivery truck, and her negligence caused Arlo's death. In its Answer, the United States denied Plaintiff's negligence claim and pled the affirmative defenses of Chris Inman's and/or Plaintiff Erdman's contributory and comparative negligence, in addition to a lack of proximate causation between Arlo's death and the United States' acts or omissions. Chris Inman is not a party to this action.

## ANALYSIS

The United States seeks to join Chris as a necessary party plaintiff pursuant to Federal Rules of Civil Procedure 19(a) and 21. The United States contends that Chris Inman's joinder is necessary because he has an interest in the disposition of the proceedings, was an active participant in allegations that are critical to the disposition of important issues in this case, and without his joinder the Court cannot accord complete relief among the existing parties. The Court agrees.

---

[7] *Id.* at ¶ 24.
[8] *Id.* at ¶ 27.

Federal Rule of Civil Procedure 19 governs the joinder of parties.[9] The focus of the Court's analysis here is on Rule 19(a)(1), which "lays out to the standards for determining whether a party is 'required' by virtue of its interest in or importance to the action."[10] Under Rule 19(a), person is deemed to be a "required" party when:

> (A) In that person's absence, the court cannot accord complete relief among existing parties; or

> (B) That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[11]

If a court determines that a party is a "required" party under rule 19(a)(1), it must join that person as a party if feasible (i.e., if that person is subject to service of process, joinder will not defeat subject-matter jurisdiction, and joinder will not make venue improper where the person objects to venue).[12]

An absent party is required (1) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (2) if the nonparty's absence would have a prejudicial effect on the party's ability to protect its interest relating to the subject of the action; or (3) if, due to the absent party's related interest, the nonparty's absence would

---

[9] *Fla. Wildlife Fed Inc. v. U.S. Army corps. of Engineers,* 859 F.3d 1306, 1316 (11th Cir. 2017).
[10] *Id.*
[11] Fed. R. Civ. P. 19(a)(1)(A), (B).
[12] *See* Fed. R. Civ. P. 19(a)(1), (3).

leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action.[13] The Eleventh Circuit has emphasized the importance of "pragmatic concerns" in the Rule 19(a) inquiry.[14]

The Court agrees with the United States that it cannot grant complete relief without Chris Inman because he was an active participant in the events giving rise to Plaintiff's Complaint, he has an interest in this litigation, and his absence would have a prejudicial effect on the United States' ability to protect its interest. As Arlo's father, Georgia law vests him with joint recovery of any wrongful death award.[15] The United States argues Chris Inman was negligent in supervising his son and intends to raise his contributory negligence as a defense. "[I]n an action for wrongful death [under Georgia law], a parent's contributory negligence may be raised and is relevant."[16]  Although Chris's negligence may not bar recovery, "the total damage award in a wrongful death action may be reduced due to the contributory negligence of one of the beneficiaries."[17]

Although "complete relief" does not require all joint tortfeasors be named defendants in the same lawsuit, the Eleventh Circuit has said that "a joint tortfeasor will

---

[13] Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (Per Rule 19(a), the first question is "whether the complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

[14] *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003).

[15] *See* O.C.G.A. §§ 19-7-1(c)(1) and (2).

[16] *Winding River Village Condominium Assoc., Inc. v. Barnett*, 218 Ga. App. 35, 38 (1995) (citations omitted).

[17] *Id.*

be considered a necessary party when the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the ligation.'"[18] The allegations in the Complaint show Chris Inman was an active participant, and his actions and/or inactions may be critical to determining proximate causation and damages. The United States contends Chris's negligent supervision is squarely at issue to determine the proximate cause of Arlo's injuries and death and intends to mount a defense that Chris's contributory negligence was a cause of Arlo's death: Arlo resided with Chris; Arlo crossed the street from his house, without supervision, and was standing in front of an idling USPS truck while Chris was talking to the USPS driver.

Under Georgia law, tortfeasors have "broad responsibility . . . for the consequences of a breach of legal duty."[19] In a case alleging negligent supervision of a child, the issue "is whether the danger of the type of harm the child suffered was reasonably foreseeable."[20] An "obviously foreseeable" harm of negligent supervision is "[t]he risk of a motor vehicle striking an unsupervised child in the street."[21] "The danger is not only what may happen at a specific place but what may happen to any child at any place,

---

[18] *Laker Airways*, 182 F.3d at 848 (citation omitted).

[19] *Cowart v. Widener*, 287 Ga. 622, 627 (2010).

[20] *Wallace v. Boys Club of Albany, Georgia, Inc.*, 211 Ga. App. 534, 536 (1993).

[21] *Atlanta Affordable House. Fund Ltd. P'ship v. Brown*, 253 Ga. App. 286, 290 (2002).

supposed to be if they are not adequately supervised."[22] "It would normally be the duty of a parent or other adult to see to it that a child would not be going into an obvious place of danger."[23] Thus, the United States has a bona fide argument as to its negligent supervision defense in this case, and Chris is an "active participant" in the events giving rise to Plaintiff's Complaint.

Moreover, the Court may not award complete relief without Chris being a party in this action because he is a joint wrongful death beneficiary along with Mrs. Erdman under Georgia law.[24] "Where, as here, the parents are living together and not divorced, the right to recover the full value of the life of their child is in both parents, jointly."[25] Thus, each parent may sue a tortfeasor "for one-half the full value of his deceased child's life."[26] But a parent's contributory negligence affects the parent's recovery and the overall damages award in a wrongful death case.[27] "[I]n an action for wrongful death, a parent's contributory negligence may be raised and is relevant" because "the total amount of the damage award in a wrongful death action may be reduced due to the contributory negligence of" one parent.[28] The Court cannot determine Chris's negligence and

---

[22] *Wallace*, 211 Ga. App. at 536.

[23] *Wright v. Shoney's of Savannah*, 141 Ga. App. 362, 363 (1977).

[24] Because Chris is a joint wrongful death beneficiary, the United States cannot join Chris as a defendant in this action.

[25] *Roberts v. Aderhold*, 273 Ga. App 642, 647 (2005); *see also* O.C.G.A. § 19-7-1(c)(2)(A).

[26] *Id.*

[27] *See Belluso v. Tant*, 258 Ga. App. 453 (2002).

[28] *Barnett*, 218 Ga. App. at 38

apportion damages for his third-party contributory negligence because the United States is the sole defendant in this lawsuit. The  Georgia Supreme Court has recently held that the plain language of Georgia's apportionment statute applicable to non-parties limits its application "to an action brought against at least two defendants."[29]  Plaintiff argues Chris is not a necessary party because the United States could file a subsequent contribution action. But filing a subsequent contribution action against Chris would require an additional lawsuit which may not provide the United States with complete relief in this action and therefore could prejudice the United States.

For the foregoing reasons, the Court finds Mark Christopher Inman is a necessary party and therefore **GRANTS** the United States' Motion to Join him as a Party-Plaintiff in this case [Doc. 21].

**SO ORDERED,** this 31st day of May, 2022.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[29] *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC,* 312 Ga. 350, 358 (2021).

8