

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

### MINUTE SHEET OF COURT PROCEEDINGS

| | | | |
|---|---|---|---|
| Date: | 12/16/2024 | Type of Hearing: | Pretrial Conference |
| Judge: | C. Ashley Royal | Court Reporter: | Tammy DiRocco |
| Courtroom Deputy: | Beverly Lillie | Law Clerk: | Sally Hatcher |
| Courtroom: | Macon – Courtroom D | | |

**Case Number: 3:21-cv-75 (CAR)**

| | | |
|---|---|---|
| LAUREN ERDMAN | Plaintiff Erdman Counsel: | Michael Johnson<br>Evan Howell |
| MARK CHRISTOPHER INMAN | Plaintiff Inman Counsel: | Darl Champion<br>Eric Funt |
| v. | | |
| UNITED STATES OF AMERICA | Defense Counsel: | Lance Simon<br>Huiju Jeon<br>Taylor McNeill<br>Sonja Profit |

*Disclaimer: Contents of this Minute Sheet are for administrative purposes ONLY and are NOT meant as a substitution for the official court record. Attorneys should contact the court reporter and order a transcript if there are any questions as to the contents herein.*

**Court time for JS10/MJSTAR:** 2 hr. 46 mins.

| Time | Event |
|---|---|
| 10:00 am | Court convenes. Parties identify themselves. Court addresses parties regarding today's hearing schedule. |
| 10:03 am | Court makes statement regarding overview of parties and base issue. |
| 10:05 am | Discussion regarding damages. Update on status of estate claim. Plaintiffs are willing to brief damages post-trial. Court notes pain/suffering award chance low. Plaintiff states they will likely waive petition for pain/suffering pending probate. Present value estimate of damages and how the amount was calculated discussed. Jury will not hear information relating to damages calculation. |
| 10:13 am | Court remarks there is no evidence of aggravation in this case, not a lottery case. Discussion regarding claim application to siblings. Parties agree there is no claim for siblings, only for parents. Attorney fees discussed. |
| 10:20 am | Discussion about Plaintiffs' witnesses and expected testimony. No cumulative testimony. |
| 10:36 am | Court decides that the jury will not see photos after death and will not hear sound of injury. It is very clear what Arlo was wearing in videos. No testimony regarding Inman criminal record, DFCS records, PTSD, evidence of threats made, and no contact order. |
| 10:38 am | Discussion regarding law enforcement officials and their reports. Opinions by law enforcement are not lay opinions and will not allow that testimony – Rule 701. |
| 10:40 am | Court decides that the body cam video of Mr. Inman's statement is admissible and relevant. Defense requests statements from crash reports. Court to review and decide later. |

| | |
|---|---|
| 10:42 am | Court remarks 2-year-old not qualified to be held as negligent, nor is a driver the guarantor for safety of a child. Question of foreseeability – GA law allows testimony about rules of road pertaining to pedestrians, statements regarding pedestrians and what they can and can't do. Court will not allow an officer to testify about that. Jury charges seem most appropriate. |
| 10:50 am | Discussion involving expected testimony of witness Muttart. |
| 11:00 am | Discussion regarding articles referenced in Plaintiffs' expert Muttart opinion. Parties allowed to supplement briefs with additional information. |
| 11:05 am | Defense to accept subpoena service for federal employees. |
| 11:09 am | Coroner will not be allowed to testify. Discussion regarding duplicate witnesses on parties lists. Treating physicians allowed to testify. |
| 11:20 am | Discussion regarding the use of depositions at trial. Before trial begins parties need to detail what section of deposition will be used in trial and notify opposing party. 30(b)(6) witness, Dennis Ley, to be brought from TN and be made available to both parties. |
| 11:26 am | Court reviews voir dire procedures. No argumentative questions. There will be questionnaires and the parties will have follow-up opportunity to question prospective jurors. Court will utilize simultaneous strikes. |
| 11:40 am | Doc 118 - Motion to Exempt Defendant's Expert Kennett from Sequestration – granted and extended to Fields. |
| 11:41 am | Discussion regarding Ms. Thompson and whether she is represented by counsel. |
| 11:56 am | Recess |
| 12:10 pm | Reconvened. |
| 12:10 pm | Parties allowed to brief issue regarding Ms. Thompson's representation and sequestration during Ley's testimony. |
| 12:16 pm | Discussion about contributory negligence defense. |
| 12:26 pm | Court requests estimate of length of trial including potential damages claims. Parties estimate total of 4-5 days for both parts. Government's objections to amended complaint denied. |
| 12:32 pm | No visit to scene allowed during trial. Court will not reconsider its Daubert order excluding Fields' opinion based on Position 4. Leaves open whether Plaintiffs can use Position 4 to rebut Kennett's line-of-sight study. |
| 12:34 pm | Discussion involving potential testimony of probation officer. |
| 12:35 pm | Court determines audio of video to be played at trial must be muted for specific scenes. Court will play video for jury before testimony begins and after opening statements. |
| 12:44 pm | Discussion regarding settlement status. |
| 12:46 pm | Adjourned. |

**Motions rulings:**

106 – Δ Motion to Exclude Expert Testimony of Muttart
1. Opinion 1 – Granted
2. Opinion 2 – Open – parties to brief

113 – Δ Motion to Strike "Affidavit of Jeffery Muttart"
- Granted

118 – Δ Motion to Exempt Defendant's Expert Kennett from Sequestration
- Granted – will be allowed to stay in court during testimony of Plaintiffs' experts. Extends to Plaintiffs' expert Devon Fields.

119 – Δ Motion in Limine –
1. Testimony of Michael Brown, Mr. Inman's Probation Officer;
- Open

2. Cumulative and irrelevant fact testimony of USPS employees;
- Granted – no cumulative testimony

3. Coroner, autopsy, and other images of Arlo Inman's corpse; and
- Granted

4. Supplemental expert opinions, testing, and research not produced in discovery.
- Open

120 – π Motion in Limine –
1. Any reference to Mr. Inman's criminal record.
- Granted

2. Any reference to DFCS investigations.
- Granted

3. Any opinions or conclusions from law enforcement officials about cause of the wreck, including the decision not to charge anyone.
- Granted

4. Any evidence or arguments about Arlo Inman's alleged contributory negligence.
- Granted

5. Government's Line of Sight Study and Position Number 4 from Plaintiffs' Testing.
- Open – parties to brief